**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01370-DOC-DFMx            Date: January 18, 2024

Title: FEDERAL DEPOSIT INS. CORP. AS RECEIVER FOR WASHINGTON MUTUAL BANK V. PRIMARY RESIDENTIAL MORTGAGE, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING DEFENDANT'S MOTION TO DISMISS CORRECTED FIRST AMENDED COMPLAINT [46]**

Before the Court is Defendant Primary Residential Mortgage, Inc.'s ("Primary" or "Defendant") Motion to Dismiss Plaintiff's Corrected First Amended Complaint ("Motion" or "Mot.") (Dkt. 46). The Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court DENIES the Motion.

**I. Background**

    **A. Facts**

Pursuant to a 2002 Mortgage Broker Agreement (the "Agreement"), Defendant Primary brokered mortgage loans for Washington Mutual Bank and its subsidiaries (collectively, "WaMu"). Corrected First Amended Complaint ("CFAC") (Dkt. 38) ¶ 1. As part of the Agreement, Primary promised to indemnify WaMu for any losses arising either directly or indirectly, or in any way as a result of its submission of any inaccurate or incomplete application or other documentations, for loans [Primary] brokered." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01370-DOC-DFMx                                Date: January 18, 2024

Page 2

WaMu sold some of the Primary-funded loans into residential mortgage-backed securitized trusts ("RMBS Trusts") for which Deutsche Bank served as trustee (hereinafter, Deutsche Bank is referred to as the "Trustee"). *Id.* ¶ 2. After WaMu failed in September 2008, the FDIC was appointed as its receiver ("FDIC-R"), and it succeeded the rights, powers, and privileges of WaMu and was tasked with maximizing receivership recoveries.

In 2009, the Trustee filed a lawsuit against FDIC-R for losses resulting from loans, including thirty-two Primary-brokered loans, that WaMu sold to the RMBS Trusts. Trustee and FDIC-R finalized a settlement (the "Settlement") in 2017. FDIC-R, however, waited until July 2023 to sue Primary demanding indemnification for the thirty-two Primary-brokered loans.

### B.     Procedural History

Plaintiff filed their Corrected First Amended Complaint on November 6, 2023. The CFAC has one count, for contractual indemnification. Defendant moved to dismiss the case on the grounds that this cause of action is barred by the statute of limitations on November 20, 2023. Plaintiff filed its Opposition ("Opp'n") (Dkt. 53) on December 29, 2023. Defendant submitted a Reply (Dkt. 55) on January 8, 2024.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-01370-DOC-DFMx | Date: January 18, 2024 |

Page 3

of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, leave to amend should be denied when amendment would be futile. *Rutman WineCo. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

### III. Discussion

The parties agree that the statute of limitations period is six years. Mot. at 9, 15; Opp'n at 1 n.1. Thus, the timeliness of Plaintiff's claim for indemnity turns on when the statute of limitations began accruing. Defendant argues that the clock started running either (1) when Plaintiff learned of the Trustee's claims against it in 2008 or 2009, Mot. at 13, or (2) in June 2017 when the California state court approved the settlement with the Trustee, Mot. at 15. In either event, Plaintiff's claim would be time-barred because Plaintiff filed the Complaint in July 2023. Plaintiff responds that the statute of limitations began accruing on the settlement's effective date, September 5, 2017, which is less than six years before the Complaint was filed. Opp'n at 4, 7. The Court agrees with Plaintiff.

#### A. The Agreement did not alter the accrual date.

Generally, the statute of limitations for contractual indemnity begins to accrue "when the [indemnitee] sustains the loss by paying the money sought to be indemnified from the [indemnitor]." *Valley Crest Landscape Dev., Inc. v. Mission Pools of Escondido, Inc.*, 238 Cal. App. 4th 468, 481 (2015); *Valley Circle Ests. v. VTN Consol., Inc.*, 33 Cal. 3d 604 (1983) ("[A] cause of action for indemnity does not accrue until the indemnitee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01370-DOC-DFMx                                    Date: January 18, 2024

Page 4

has suffered a loss through payment of an adverse judgment or settlement."). Defendant, however, argues that the parties contractually altered the standard accrual date in the Agreement. Mot. at 12-13. The Agreement provided that Primary's duty to indemnify "shall arise immediately upon notice by [FDIC-R], without the requirement that [FDIC-R] have previously become liable to others or have been required to other or have been required to pay any amounts whatsoever." CFAC Ex. 1 (Dkt. 38-1) ¶ 14. Defendant maintains that FDIC-R had notice of the Trustee's claim when Trustee filed its lawsuit in 2009, more than six years before Plaintiff demanded indemnification. Because Primary's duty to indemnify was contractually triggered in 2009, Primary argues that the limitations clock began running in 2009.

       Plaintiff responds that Defendant wrongly conflates the time that Defendant's duty to defend was triggered and the accrual date for the statute of limitations. Under Plaintiff's reading, the Agreement merely gave "FDIC-R the permissive right to invoke [Primary's] duty to defend and indemnify early upon written notice, should FDIC-R so choose." Opp'n at 8. The Agreement, according to Plaintiff, did nothing to alter the statute of limitations.

       Although a close call, Plaintiff has the better reading of the Agreement. The relevant portion of the Agreement provides:

> "[Defendant's] duty to defend and indemnify [Plaintiff] under this paragraph shall arise immediately upon notice by [Plaintiff], without the requirement that [Plaintiff] ha[s] previously become liable to others or have been required to pay any amounts whatsoever."

CFAC Ex. 1 ¶ 14. The most natural reading of the provision is that it altered the default rules of when Plaintiff could seek indemnification. While an indemnitor's obligation to defend or indemnify is generally "not triggered until it is determined that the proceeding against the indemnitee is 'embraced by the indemnity,'" *Heppler v. J.M. Peters Co.*, 87 Cal. Rptr. 2d 497, 512 (Cal. Ct. App. 1999) (quoting Cal. Civ. Code § 2778(4)), the Agreement required that Defendant step in earlier if Plaintiff so demanded. Unlike the cases that Defendant cites where courts found that a contract altered the statute of limitations,[1] *see* Mot. at 12, the Agreement does not explicitly mention the statute of

---

[1] For instance, the contract in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, stated that "[l]egal action cannot be taken The Hartford…[more than] 3 years after the time written proof of loss is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01370-DOC-DFMx                                       Date: January 18, 2024

Page 5

limitations, or the accrual date. Thus, the Court concludes that the Agreement does not alter the accrual date for the statute of limitations for Plaintiff's claim.

Defendant's contrary reading would require Plaintiff to choose between its statutory right to defend itself and getting the full benefit of the six-year statute of limitations. California law allows an indemnitee "to conduct his on defense despite the obligation imposed upon the indemnitor so to do." *Buchalter v. Levin*, 252 Cal. App. 2d 367, 371 (Ct. App. 1967) (citing Cal. Civ. Code § 2778(4)). If the statute of limitations clock began running when Plaintiff learned of the Trustee's claims, it would have expired by the time the Trustee's lawsuit settled. But, had Plaintiff demanded indemnification during the lawsuit, Defendant would have been required to step in and conduct Plaintiff's defense, thereby nullifying Plaintiff's right to defend itself. The Court will not assume that Plaintiff made such a bargain in the Agreement using such ambiguous language.

> **B.     The accrual date is the effective day of the Settlement, not the day of the Settlement's approval.**

The California court approved the Settlement between the Trustee and FDIC-R in June 2017. The Settlement's effective date was in September 2017. Defendant argues that the statute of limitations began running when the settlement was approved, while FDIC-R argues that the limitations period began on the effective date of the settlement.

The Court agrees with Plaintiff. "Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable." Cal. Civ. Code § 2778(1). The Settlement makes clear that FDIC became liable to the Trustee in September 2017. Under the Settlement, the Trustee gained an unsecured creditor claim (i.e., Plaintiff was required to pay) upon the Settlement's Effective Date. The Effective Date, in turn, was the date that the California court entered a "final, non-appealable judgment." The California Court's order approving the Settlement provided that the Settlement became non-appealable on September 4, 2017. When that day passed without an appeal, Plaintiff was required to pay the Trustee the amount under the Settlement. Thus, Plaintiff did not become liable until September 2017, and the statute of limitations began accruing then. *See* Cal. Civ. Code § 2778(1).

---

required to be furnished." 571 U.S. 99, 104 (2013) (cited in Mot. at 12). By contrast, here, the Agreement does not explicitly mention the accrual date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01370-DOC-DFMx　　　　　　　　　　　　　　　Date: January 18, 2024

Page 6

FDIC-R sat on its rights for a while, and its delay may well prejudice Primary's defense. However, "statutes of limitations necessarily operate harshly and arbitrarily with respect to [plaintiffs] who fall just on the wrong side of them, but if the concept" of the statute of limitations "is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985). Enforcing the deadline is just as important when a plaintiff gets to the courthouse just before the limitations period expires.

**IV.　Disposition**

For the reasons explained above, the Court **DENIES** Defendant's Motion to Dismiss. The Motion hearing scheduled for January 22, 2024 is **VACATED**. The parties are **ORDERED** to appear for a scheduling conference on January 22, 2023 at 8:30 a.m. in Courtroom 1 at the First Street Courthouse, 350 W. 1st St, Los Angeles, CA 90012.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu

CIVIL-GEN